IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CINDY C. ABBOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-3261 |
| ) | |
| TROY M. SWEENEY, ) | |
| ) | |
| Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Following a two-day trial on May 29 and May 30, 2013, a jury found in favor of Defendant Troy M. Sweeney and against Plaintiff Cindy C. Abbott (hereinafter referred to as Plaintiff Abbott) on Plaintiff Abbott's excessive-force claim. On June 24, 2013, Plaintiff Abbott filed a Motion for New Trial (d/e 91) pursuant to Rule 50 and Rule 59 of the Federal Rules of Civil Procedure. For the reasons that follow, the Motion is DENIED.

I. BACKGROUND

The parties are familiar with the facts of the case. To summarize,

Defendant Troy M. Sweeney arrested Plaintiff Abbott and her son, Travis Abbott, and used a taser twice on Plaintiff Abbott and several times on Travis. Plaintiff Abbott and Travis filed suit asserting Fourth Amendment claims of false arrest, false imprisonment, and excessive force.

In November 2011, this Court granted summary judgment in favor of Defendant Sweeney and against Plaintiff Abbott and Travis. They appealed, and the Seventh Circuit affirmed in part, vacated in part, and remanded for further proceedings. See Abbott v. Sangamon County, Ill., 705 F.3d 706, 733 (7th Cir. 2013). The Seventh Circuit affirmed with respect to all of Travis's claims and with respect to Plaintiff Abbott's false arrest and false imprisonment claims. The Seventh Circuit vacated the judgment on Plaintiff Abbott's excessive-force claim and remanded the cause for further proceedings.

On appeal, Plaintiff Abbott did not challenge the first use of the taser on her but only challenged the second tasing. Id. at 729. Therefore, this case proceeded to trial on the issue of whether Defendant

Sweeney used excessive force on Plaintiff Abbott when he tased her the second time.  Following a two-day trial, the jury found in favor of Defendant Sweeney.

## II.  ANALYSIS

In her Motion, Plaintiff Abbott asserts: (1) the Court erred in denying her Motion for Summary Judgment on liability following the opinion of the United States Court of Appeals for the Seventh Circuit such that the case should have proceeded against Defendant Sweeney on damages only; (2) the verdict was against the manifest weight of the evidence; (3) the Court committed prejudicial error by allowing Defendant Sweeney to testify to hearsay of the animal control officers and another police officer at the scene over objection of Plaintiff Abbott; and (4) the Court erred in permitting Defendant Sweeney to testify over objection that he had tased three people previously.  Plaintiff Abbott also adopts as prejudicial error each and every other error shown of record.

A.   The Seventh Circuit Did Not Find that Plaintiff Abbott Had Established Liability as a Matter of Law

When reviewing a motion for judgment as a matter of law under

Rule 50(b), this Court examines all the evidence in the record and construes all reasonable inferences in the light most favorable to the non-moving party. <u>May v. Chrysler Group, LLC</u>, 716 F.3d 963, 971 (7th Cir. 2013). The motion should be granted only where no rational jury could have found for the prevailing party. <u>Tate v. Executive Management Serv., Inc.</u>, 546 F.3d 528, 532 (7th Cir. 2008).

Prior to trial, Plaintiff Abbott filed a Motion for Summary Judgment of Liability of Defendant Sweeney as to Excessive Force Claim (d/e 64). In that motion, Plaintiff Abbott asserted that the Seventh Circuit, on appeal from this Court's order granting summary judgment, found it was clearly established "that it is unlawful to deploy a taser in dart mode against a nonviolent misdemeanant who had just been tased in dart mode and made no movement when, after the first tasing, the officer instructed her to turn over." <u>See</u> Motion, d/e 64, citing <u>Abbott</u>, 705 F.3d at 732. Plaintiff Abbott argued that judgment should be entered in her favor on liability and the case should be tried before a jury as to damages alone. The Court denied the Motion. <u>See</u> April 8, 2013 Text Order.

Plaintiff Abbott now asserts that this Court erred by denying that motion for summary judgment as to liability. The Court denies Plaintiff Abbott's motion for judgment as a matter of law on liability.

In <u>Abbott v. Sangamon County</u>, the Seventh Circuit vacated this Court's judgment with respect to Plaintiff Abbott's excessive-force claim, which had found that Defendant Sweeney was entitled to qualified immunity on the claim. In doing so, the Seventh Circuit held: (1) the facts, taken in the light most favorable to Plaintiff Abbott, showed the officer's conduct violated her constitutional rights (<u>Abbott</u>, 705 F.3d at 729-730 ("The totality of the circumstances when viewed in a light favorable to Cindy demonstrates that Sweeney's second application of the taser could be determined by a jury to have been unreasonable")); and (2) the constitutional right was clearly established. <u>Abbott</u>, 705 F.3d at 732. The Seventh Circuit made clear, however, that factual disputes remained: "In short, a genuine issue of material fact exists that must be resolved by a jury, so summary judgment on this claim was improper." <u>Abbott</u>, 705 F.3d at 733.

In light of that genuine issue of material fact, a jury trial was held on liability and damages. The jury found in favor of Defendant Sweeney. Therefore, Plaintiff Abbott's request for a new trial on the grounds that the Seventh Circuit found liability had been established is denied.

B.  The Jury's Verdict Was Not Against the Manifest Weight of the Evidence

Plaintiff Abbott also seeks a new trial on the grounds that the jury's verdict was against the manifest weight of the evidence. Plaintiff Abbott argues that Defendant Sweeney's subjective belief that Plaintiff Abbott sought to help her son escape was a delusion because she was the one who brought her son out of the house to be interrogated by the police officers.

A motion for a new trial pursuant to Rule 59(a) is granted only where the verdict is against the manifest weight of the evidence, the damages are excessive, or the trial was not fair to the moving party. Miksis v. Howard, 106 F.3d 754, 757 (7th Cir. 1997); see also Fed.R.Civ.P. 59(a)(1)(A) (providing that a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an

action at law in federal court"). "When considering whether the verdict was against the manifest weight of the evidence, 'the district court has the power to get a general sense of the weight of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial.'" Whitehead v. Bond, 680 F.3d 919, 928 (7th Cir. 2012), quoting Mejia v. Cook County, Ill., 650 F.3d 631, 633 (7th Cir. 2011). A jury's verdict is not against the manifest weight of the evidence unless no rational jury could have rendered the verdict. Whitehead, 680 F.3d at 929.

In this case, the jury was presented with two conflicting versions of the events. Defendant Sweeney, a former Sangamon County Sheriff's deputy, testified that after arresting Travis, he handcuffed him and put Travis in the back of his vehicle. According to Defendant Sweeney, the vehicle was not a prisoner transport vehicle. Therefore, the vehicle did not have a panel of glass between the front and back seats. Moreover, it would have been possible for someone to unlock the doors from the inside.

Defendant Sweeney testified that Travis moved his handcuffed hands from behind his back to the front of his body, was trying to open the back door of the vehicle, and was yelling for his mother to get him out of there.  As Defendant Sweeney reached back to prevent Travis from escaping, his foot slipped off the brake pedal and his vehicle rolled back into Plaintiff Abbott's parked vehicle.  Defendant Sweeney put his vehicle in park and got out of his vehicle to secure Travis.

Defendant Sweeney testified that Plaintiff Abbott came toward him.  He told her to stop twice, the second time adding that she would be tased.  She did not stop, and he used the taser.  Plaintiff Abbott sat down, then laid down.  Defendant Sweeney told Plaintiff Abbott to turn over on her stomach so she could be handcuffed.  He gave her several seconds to comply.  When she did not comply, he used the taser the second time.  She immediately turned over.  Defendant Sweeney testified he thought Plaintiff Abbott was going to continue to do what she was doing before she was tased–help her son escape.  While this was going on, Defendant Sweeney was also trying to keep on eye on his vehicle to see

that Travis did not get out. Defendant Sweeney explained that he used the taser on Plaintiff Abbott, as opposed to grabbing her, because she was small, he and Sergeant Lawley were big, and Plaintiff Abbott could have been injured.

Sergeant Lawley testified that after the first tasing of Plaintiff Abbott, Plaintiff was still trying to get up and was trying to grab the taser. Lawley testified that Defendant Sweeney told Plaintiff Abbott to stay on the ground but she kept trying to get up. Defendant Sweeney then reactivated the taser, and Plaintiff Abbott rolled over.

In contrast, Plaintiff Abbott testified she yelled at Defendant Sweeney that she could not believe he hit her Jeep. She took one step and, by the time she got to her second step, something caused her to go to the ground. Plaintiff Abbott testified Defendant Sweeney told her to roll over but she could not move. Defendant Sweeney tased her again. Travis testified that Defendant Sweeney told Plaintiff Abbott to roll over, Plaintiff Abbott did not roll over, and she was tased.

After weighing all of the evidence presented, this Court finds that

this is not a case where no rational jury could have rendered the verdict. The evidence in the record supports the jury's verdict. The jurors were entitled to believe Defendant Sweeney's and Sergeant Lawley's version of events instead of Plaintiff Abbott's and her son's version of events. See Whitehead, 680 F.3d at 928-929 (citing cases for the proposition that when the evidence conflicts, it is the jury's job to determine who is telling the truth). According to Defendant Sweeney's and Sergeant Lawley's version, Plaintiff Abbott was not complying with Defendant Sweeney's orders and was trying to stand up. The verdict in this case does not "cry out to be overturned" or "shock the conscience." See Clarett v. Roberts, 657 F.3d 664, 676 (7th Cir. 2011) (finding "[t]he jurors were entitled to believe the officer's version of events" and that "the verdict does not 'cry out to be overturned' or 'shock the conscience'").

    Moreover, the Court instructed the jurors that:

> You must decide whether defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know

>   now.  In deciding whether defendant's use of force was unreasonable, you must not consider whether defendant's intentions were good or bad.
>
>   In performing his job, an officer can use force that is reasonably necessary under the circumstances.

See Instruction given (d/e 87), p. 16; see also Seventh Circuit Pattern Jury Instruction No. 7.09.  Therefore, the jury was aware that they must judge the force from the perspective of a reasonable officer.

The jury had a reasonable basis to find in favor of Defendant Sweeney.  Therefore, the jury's verdict was not against the manifest weight of the evidence.

C.   Plaintiff Abbott is Not Entitled to a New Trial on the Basis of the Alleged Evidentiary Errors

To obtain a new trial on the grounds of an erroneous evidentiary ruling, the party must show that such ruling affected his substantial rights.  Fed.R.Evid. 103(a); Fed.R.Civ.P. 61.  That means "an error likely had a substantial effect on the jury's verdict and the result was inconsistent with substantial justice." Jordan v. Binns, 712 F.3d 1123, 1137 (7th Cir. 2013.  "Harmless-error analysis is case-specific and require

an examination of the error(s) in light of the entire record." Jordan, 712 F.3d at 1137. The factors considered when determining whether an error was harmless include whether the evidence went to a central issue, whether the evidence was cumulative of other properly admitted evidence, and the how strong the evidence was. Jordan, 712 F.2d at 1137.

1. Testimony About What Other Officers Told Defendant Sweeney Was Not Hearsay

Plaintiff Abbott argues that the Court committed prejudicial error by allowing Defendant Sweeney to testify to hearsay of the Animal Control Group and another police officer at the scene over Plaintiff Abbott's objection.

The Court is not sure to which testimony Plaintiff Abbott objects. On direct examination by Plaintiff Abbott's counsel, Defendant Sweeney testified that he spoke to Sergeant Lawley and the animal control officers upon his arrival to the Abbott's home about their version of events. Sweeney did not testify as to what he was told.

Plaintiff Abbott's counsel then asked Defendant Sweeney if Travis

had threatened an animal control officer, and Sweeney testified that he was told that Travis threatened to batter them and made a fist, moving toward them. Plaintiff Abbott's counsel elicited this testimony but now objects to the testimony.

In any event, even if Defendant Sweeney had testified about what the animal control officers and Sergeant Lawley told him when he arrived at the scene, the Court finds such testimony is non-hearsay because it was not offered for the truth of the matter asserted but was offered to establish the course of Defendant Sweeney's investigation. See, e.g., United States v. Linwood, 142 F.3d 418, 425 (7th Cir. 1998) ("Offering testimony to establish background facts leading up to a sequence of events is likewise an ostensibly non-hearsay use of evidence"); United States v. Akinrinade, 61 F.3d 1279, 1283 (7th Cir. 1995) (finding that the testimony was not admitted to prove the truth of the matter asserted but to establish the course of the investigation). In addition, any error in admitting the evidence was harmless because it had no relation to the issue in the case: whether the second use of the taser on Plaintiff Abbott

was reasonable.

 2. Admission of Testimony About Other Tasing Was Relevant or, in the Alternative, Was Harmless Error

Plaintiff Abbott also argues the Court erred in permitting Defendant Sweeney to testify over her objection that he had previously tased three people.

Following Defendant Sweeney's testimony, the jury submitted the following question: "Have you used a taser multiple times in your line of duty or was this an isolated incident?" See d/e 85. Plaintiff Abbott objected on the ground that such information was not relevant. The Court, while noting that Defendant Sweeney's usage and familiarity with the taser was relevant, did not ask the question but reopened questioning, over Plaintiff Abbott's objection.

Upon questioning, Defendant Sweeney testified that he had been involved in other incidents before this one where he deployed the taser and the person was not compliant after he tasered the person the first time. He further testified that, in the past, he had to use the taser more than two times. Defendant Sweeney believed he had had three occasions

in the past when the taser did not work the initial time and he had to use it a second time. Defendant Sweeney testified he also had situations in the past where he had to raise the level of force and go "hands on" if the taser did not work. According to Defendant Sweeney, he would expect that when he uses the taser the second time that it would gain the person's compliance. On cross-examination by Plaintiff Abbott's counsel, Defendant Sweeney testified that his training and experience told him to apply the taser a second time. Defendant Sweeney also testified it was his understanding that the case would be decided based on what a reasonable officer felt was justified use of force.

  As the Court noted at trial, the testimony was relevant to show that Defendant Sweeney was familiar with using the taser and the taser's effects. Even if admission of this evidence was improper, however, any error was harmless. A new trial is warranted for an evidentiary error only when there is a significant chance that the error affected the outcome of the trial. See Whitehead, 680 F.3d at 930. Here, any error in admitting the testimony did not affect the outcome of the trial because the jury was

properly instructed and the other evidence properly admitted supports the verdict.

### III. CONCLUSION

For the reasons stated, Plaintiff Cindy's Abbott's Motion for New Trial (d/e 91) is DENIED.

ENTER: July 18, 2013

FOR THE COURT:

s/Sue E. Myerscough<br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE